## District No. 7, in Hallock Township, Peoria County, v. The People, etc., ex rel., etc.

1. QUO WARRANTO—*Against a School District in its Corporate Capacity—What is Admitted.*—A person who files an information against a school district in its capacity as a corporate body, admits its legal corporate existence, and an admission of the legal existence of a school district is an admission that its organization was legal, and that the territory embraced in the district, as it was originally organized, was legally included therein.

2. ESTOPPEL—*To Question Legality of Organization of School District—Allegations of Plea.*—A plea to an information in the nature of a

writ of quo warranto, set up an estoppel arising from the lapse of time, and the issue of bonds by the district, which were outstanding in the hands of innocent holders, and the building of a school house with the avails of said bonds. The plea did not state when the bonds were issued or passed into the hands of innocent holders, and did not state that it was before the filing of the information. *Held*, that a demurrer to the plea was properly sustained, but that the contention that there could be no estoppel in the case could not be conceded.

**Information,** in the nature of a quo warranto, against a school district. Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the December term, 1897. Reversed and remanded. Opinion filed May 23, 1898.

DAN R. SHEEN, attorney for appellant.

JOHN DAILY, B. W. WRIGHT and WINSLOW EVANS, attorneys for appellees.

MR. JUSTICE DIBELL DELIVERED THE OPINION OF THE COURT.

This is an information in the nature of quo warranto, filed by the state's attorney of Peoria county, on the relation of Morris Perkins, alleging that school district No. 7, in township No. 11 north, and of range 8 east of the fourth principal meridian, in Peoria county, Illinois, has unlawfully usurped without any warrant or right whatsoever, jurisdiction and control as a school district over the southwest quarter of section 7, in said township, and that the said land lies wholly outside of the boundary and jurisdiction of said school district; and the information prays due process of law against said district No. 7, to make answer by what warrant it claims to hold and execute the said powers, privileges and franchises. Summons was issued for the board of school directors of district No. 7, and was returned served upon the president of the board. The school district filed pleas to the information. To the second plea and to the amended first and third pleas demurrers were sustained, defendant elected to stand by said pleas, and judgment was entered finding defendant guilty of unlawfully usurping, without any warrant or right whatsoever, jurisdiction and control as a school district over the southwest quarter of

District No. 7, Hallock Township, v. The People.

section 7 aforesaid, and adjudging that defendant be ousted from exercising any jurisdiction or control whatsoever as a school district over said southwest quarter of section 7, and that plaintiff recover of defendant a fine of one dollar and the costs. From that judgment defendant prosecutes this appeal.

The first plea as amended set out the various proceedings by which said district No. 7 was originally organized, and thereby showed that said southwest quarter of section 7 was a part of the territory embraced in said district at its original organization. The relator contends, as defendant did not disclaim, it was bound to justify by setting up a complete legal title to exercise control and jurisdiction as a school district over said southwest quarter of section 7; and it is argued that the proceedings defendant set out in its plea are defective in several respects and do not show a strict compliance with various provisions of the statute governing the organization of school districts, and therefore do not bestow title to exercise such jurisdiction over said land. The relator made the school district the party defendant in its capacity as a corporate body. He thereby admitted its legal corporate existence. The People ex rel. v. City of Spring Valley, 129 Ill. 169.

But a school district can not exist without any territory. The language of our school law in many places shows each school district is made up of ascertained "territory" having "boundaries." Sections 46, 47, 48 and 49 of article 3 of the school law are examples of this use of language. The relator argues that an admission of the legal corporate existence of the school district does not admit that all the territory embraced within its boundaries as it was originally organized, was lawfully included therein, but that he may select one piece of land embraced within its original boundaries, and while admitting the district was legally organized, may attack the proceedings by which it was organized and show them to be fatally defective, and thereby obtain judgment that they are illegal and void, so long as he does not make this attack as to all the territory originally embraced in the

district, but only as to a part thereof. But if he may do this, another party may at the same time file a like information against the district as to another part of its original territory, with like results, and a third party may do the same as to a third tract, and so on; and we could have the result of a school district deprived of all its original territory, because of the illegality of its original organization, by judgments entered in several suits, in each of which it was admitted the district was legally organized. Indeed, on the relator's theory he need not have confined his information to one quarter section, but might, with like effect, have included therein all the territory embraced within the original boundaries of the district except the one acre or forty acres on which the school house stands. Relator, in legal effect, says, I admit the corporate existence of the school district, but I assert that the proceedings by which it was brought into corporate existence are illegal and void, and that it legally has no territory except such, if any, as no one cares to withdraw from its jurisdiction by quo warranto.

This contention does not meet our approval. Inasmuch as it is essential to the legal organization of a school district that it shall have a defined territory, we are of opinion that an admission of the legal existence of a school district is an admission its organization was legal, and that the territory embraced in the district as it was originally organized was legally included therein. This case is very different from The People ex rel. v. City of Peoria, 166 Ill. 517. There, prior to the proceedings in question, the city had been organized with definite boundaries. Afterward it attempted to take in additional territory, and the cause was quo warranto to test the validity of the proceedings by which annexation had been attempted. It was held, that though the legal corporate existence of the city was admitted by making the city the defendant, that did not admit the legality of the subsequent annexation. If in the case at bar the district had first organized with certain other territory, and afterward had sought to take in the southwest quarter of section 7, then the relator could bring quo warranto against

the district and admit its corporate existence and thereby admit the legal validity of the proceedings which made it a corporation, without admitting the legality of the subsequent proceedings by which it sought to take in additional territory, and then the Peoria case above cited would be in point.

We may put this case another way. The relator admits the corporate existence of this school district. But it has no corporate existence except by virtue of the proceedings set out in the plea. Therefore the admission of its corporate existence is an admission of the legality and regularity of those proceedings. But those proceedings brought into the new corporation at its inception the southwest quarter of section 7. It can not be shown said land is not legally in said school district, except by showing that said proceedings are illegal and void and that the said alleged school district does not legally exist. This the relator is estopped from showing by his admission of the corporate existence of the district. Therefore he is estopped from showing said land is not legally in said school district.

In our judgment the amended first plea, by showing the southwest quarter of section 7 is within the territory of said district as originally formed, sets up a defense to this information against the district, and it was error to sustain the demurrer thereto. Perhaps the plea set out more of the proceedings than was necessary to make the defense, but if so, the excess in statement is but surplusage. The second plea sets up considerations which, if proved, might well induce the court to withdraw its leave to file the information, but they did not constitute a legal defense thereto. It is argumentative and does not aver facts. The demurrer was properly sustained thereto. The amended third plea seeks to set up an estoppel arising from the lapse of time, and the issue of bonds by the district which are outstanding in the hands of innocent holders, and the building of a school house with the avails of said bonds. We are disposed to regard the allegations of this plea as insufficient in several respects. As one instance of its defects we call

attention to the fact that the plea does not state when the bonds were issued or passed into the hands of innocent holders, and does not state that it was before the filing of the information in this case. We think the demurrer was properly sustained thereto, but we can not concede appellees' contention that there can be no estoppel in this case. The judgment of the court below will be reversed and the cause remanded.